344-07/PJG/MM/BGC
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Peter J. Gutowski. (PG 2200)
Manuel A. Molina (MM 1017)
Barbara G. Carnevale (BC 1651)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AMERICAN STEAMSHIP OWNERS MUTUAL              07 CIV.        (      )
PROTECTION AND INDEMNITY ASSOCIATION, INC.,
                                              **VERIFIED COMPLAINT**
                    Plaintiff,

    -against-

DUSUNG SHIPPING CO. LTD.,
ORIENT STAR SHIPPING CORP. a/k/a
ORIENT STAR SHIPPING CORP. LTD.;
SUBIC STAR SHIPPING CORP. S.A.;
HAN STAR SHIPHOLDING CORP. LTD.; and
HAN STAR SHIPPING CORP.;

                    Defendants.
-------------------------------------------------------------------x

Plaintiff AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. ("The American Club" or the "Club"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against the named Defendants identified in the caption, alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a marine insurance contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to

NYDOCS1/286266.1

28 U.S.C. §1333, *et seq.*, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.  At all times relevant hereto, plaintiff The American Club was and still is a domestic business entity organized and existing under the laws of the State of New York, with an office and place of business at One Battery Park Plaza, New York, New York 10004.

3.  At all times relevant hereto, defendant DUSUNG SHIPPING CO. LTD. ("Dusung") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Room 504, Yujin Bldg., 1364-42 Seocho-dong, Seocho-ku, Seoul, 137-070, South Korea, and was engaged in the business of vessel operation and management.

4.  At all times relevant hereto, defendant ORIENT STAR SHIPPING CORP. a/k/a ORIENT STAR SHIPPING CORP. LTD. ("Orient Star") was and still is a business entity organized and existing under the laws of a foreign nation, with an office and place of business in care of Dusung at the address indicated in paragraph 3 above, and was the registered owner of the vessels M/V CEBU STAR during the period 2002–05 and the M/V BAO TONG (formerly known as M/V CAPELLA and M/V CLOVER STAR) during the period 2003-04.

5.  At all times relevant hereto, defendant SUBIC STAR SHIPPING CORP. S.A. ("Subic Star") was and still is a business entity organized and existing under the laws of a foreign nation, with an office and place of business in care of Dusung at the address indicated in paragraph 3 above and was the registered owner of the vessel SUBIC STAR during the period 2003-06.

6.  At all times relevant hereto, defendant HAN STAR SHIPHOLDING CORP. LTD. ("Han Star Shipholding") was and still is a business entity organized and existing under the

laws of a foreign nation, with an office and place of business in care of Dusung at the address indicated in paragraph 3 above and was the registered owner of the vessels M/V ACAMAR during the period 2002-06 and M/V BAO TONG during the period 2004-05.

7. At all times relevant hereto, defendants HAN STAR SHIPPING CORP. ("Han Star Shipping") and/or HAN STAR SHIPHOLDING CORP. LTD. ("Han Star Shipholding") was and still is a business entity organized and existing under the laws of a foreign nation, with an office and place of business in care of Dusung at the address indicated in paragraph 3 above and was the registered owner of the vessel M/V MANILA STAR during the period 2002-05.

8. The American Club is a mutual protection and indemnity club providing marine insurance to shipowners, their managers and charterers against third-party liabilities encountered in their commercial operations.

9. From February 2002 to August 2006, the American Club provided marine insurance to the defendants herein which coverage inured to the benefit of Dusung, as the manager of the fleet of vessels owned by the other defendants identified herein and the individual vessel registered owner defendants identified herein.

10. Pursuant to the marine insurance contract as reflected in the Certificates of Entry, the Club By-Laws and Rules, the registered owner defendants and the manager Dusung were jointly and severally liable for insurance premiums as well as additional expenses, charges, supplementary and release calls.

11. The American Club has met all of its obligations under the Certificates of Entry and the Club By-Laws and Rules.

12. Despite due demand, there are certain outstanding balances due for premium, supplementary calls and release calls from the defendants in the total sum of $258,261.94 with the individual amounts due and owing as set forth below:

| | |
|---|---|
| Dusung | $258,261.94 |
| Orient Star | $ 54,292.93 |
| Subic Star | $ 55,994.12 |
| Han Star Shipholding & Han Star Shipping | $147,974.89 |

13. The American Club has demanded payment from Dusung and the remaining individual registered owner defendants as identified above but the defendants, in violation of their obligations under the terms and conditions of the applicable contracts, including the Certificates of Entry and the Club By-Laws and Rules, have refused or have otherwise failed to pay the outstanding marine insurance balances due.

14. This action is also brought in order to obtain security in favor of the American Club in respect to its claim against the defendants for outstanding marine insurance premiums and related expenses and charges, including but not limited to interest, and anticipated attorneys' fees and costs.

15. After investigation, the defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendants at, moving through, or being transferred and/or wired to or from banking

institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

16.   As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by the American Club against the defendants includes:

(a) The American Club's claim against Dusung for outstanding marine insurance premiums and related expenses and charges in the sum of $394,031 representing the principal balance plus an allowance for interest and recovery fees as are provided under the relevant contracts;

(b) The American Club's claim against Orient Star for outstanding marine insurance premiums and related expenses and charges in the sum of $91,532 representing the principal balance plus an allowance for interest and recovery fees as are provided under the relevant contracts;

(c) The American Club's claim against Subic Star for outstanding marine insurance premiums and related expenses and charges in the sum of $94,244 representing the principal balance plus an allowance for interest and recovery fees as are provided under the relevant contracts;

(d) The American Club's claim against Han Star Shipping and Han Star Shipholding for outstanding marine insurance premiums and related expenses and charges in the sum of $233,254 representing the principal balance plus an allowance for interest and recovery fees as are provided under the relevant contracts.

W H E R E F O R E, Plaintiff The American Club prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claims as identified above, plus interest, costs and attorneys' fees;

b. That if the Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants as described herein, up to and including the individual sums identified in Paragraph 16 above be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendants at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       July 16, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.

By: _____
    Peter J. Gutowski. (PG 2200)
    Manuel A. Molina (MM 1017)
    Barbara G. Carnevale (BC 1651)
    80 Pine Street
    New York, NY 10005

## VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

Michael J. Mitchell, being duly sworn, deposes and says:

That I am Senior Vice President and General Counsel of Shipowners Claims Bureau Inc., Manager for the AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., the Plaintiff herein; that the foregoing Verified Complaint is true to my own knowledge except as to those matters alleged upon information and belief and as to those matters, I believe them to be true.

That the reason this verification is made by deponent is that the Plaintiff is a corporation and deponent.

That the sources of deponent's information and the grounds of my belief as to all the matters alleged upon information and belief are the records of said corporation.

_____
MICHAEL J. MITCHELL

Sworn to before me this
_17_ day of July, 2007

_____
NOTARY PUBLIC

PETER J. McCARTHY
Notary Public, State of New York
No. 01MC4884235, Qualified in Kings County
Certificate Filed in New York County
Commission Expires August 1, 2009