Case 1:07-cv-06474-PKC    Document 11    Filed 05/08/2008    Page 1 of 3

# MEMO ENDORSED

**LAW OFFICES OF**
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*◦†
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
◦ ALSO ADMITTED IN LOUISIANA

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377



*USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 5/8/08*

*RECEIVED MAY - 8 2008 CHAMBERS OF KEVIN CASTEL U.S.D.J.*

[Handwritten endorsement:] I will require an affidavit or declaration by a person with knowledge of the facts setting forth the efforts to find defendant's new address. The so-called address could also be explained. What address was required by the Hague Convention and how service was made? I am not persuaded that the Hague Convention is to be not exclusive means... [illegible]

Pre-trial conference adjourned to July 11, 2008 at 9:45 a.m.

SO ORDERED
P. Kevin Castel, U.S.D.J.
5-8-08

344-07/DPM/MAM

May 7, 2008

**BY HAND**
Hon. P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

Re:  American Steamship Owners v. Dusung Shipping Co. Ltd.
     07 CV 6474 (PKC)

Dear Judge Castel:

We represent the Plaintiff in the above-referenced action involving, *inter alia*, a maritime attachment under Rule B and write to request that the pre-trial conference scheduled for May 9, 2008 be adjourned 30 days. We also write to request that the Court grant Paintiff leave to serve process by alternative means pursuant to Rule 4(f)(3), namely, service via Federal Express and/or electronic mail.

Plaintiff filed this action on July 17, 2007 seeking, *inter alia*, to attach the sum of $394,031 from Defendant Dusung Shipping Co. Ltd. (among other Defendants). On the same day, Your Honor granted Plaintiff's application for the issuance of Process of Maritime Attachment and Garnishment ("PMAG"). On or about August 20, 2007, Plaintiff attached the sum of $20,000 and Notice of Attachment was provided on the same date to Dusung via e-mail and fax on the same date. (See Exhibit A annexed hereto). Recently, on February 1, 2008, Plaintiff attached an additional $175.00 from Dusung and Notice of Attachment was given via e-mail and fax on the same date. (See Exhibit B annexed hereto). To date, Defendants have not appeared in the action or moved to vacate the attachments although prior Notices of Pre-Trial Conference have been sent via electronic mail to the address dusung2000@hanmail.net. (See Exhibit C annexed hereto).

NYDOCS1/304216.1

Hon. P. Kevin Castel
May 7, 2008
Page 2

In a March 4, 2008 Memo Endorsed Order, Your Honor ruled that "[i]f no assets are attached <u>or</u> jurisdiction is not otherwise acquired by [May 9, 2008] then the action will be dismissed without prejudice." (See Exhibit D annexed hereto, underline in the original.) Clearly, to the extent that Plaintiff has attached Defendant Dusung's assets, this action cannot be dismissed, as Plaintiff has complied with the Court's Order. Also, Rule 4(n)(1) of the Federal Rules of Civil Procedure prescribes that, "The Court may assert jurisdiction over property if authorized by Federal Statute. Notice to claimants of property must be given as provided in the statute or by serving a summons under this rule." Rule B is a federal statute that authorizes the court to assert jurisdiction over property. Accordingly, because Dusung's assets have been attached and notice has been provided to the Defendant, this Court possesses *quasi in rem* jurisdiction over Dusung's property.

Because this Court will decide also the merits of the *in personam* claims against Dusung and the other Defendants,[1] Plaintiff has attempted to effect service of process via the Hague Convention since Defendants are Korean corporations. On April 23, 2008, the Korean Central Authority advised that it could not effect service of process upon the Defendants because they have moved from their previous address, which was the last known business address for Defendants. (See Exhibit E annexed hereto). Plaintiff has contacted its Korean counsel and has been informed that the Defendants' new address is Room 501, Dusung Bldg, 1357-18, Seocho-dong, Seocho-ku, Seoul, 137-862, Korea. Importantly, Korean counsel has advised that Defendant Dusung's e-mail address, dusung2000@hanmail.net., remains the same.

Plaintiff respectfully requests that Your Honor, pursuant to Rule 4(f)(3), authorize Plaintiff to serve a copy of the Summons and Complaint upon the Defendants at their new address via Federal Express and/or via electronic mail, rather than direct Plaintiff to serve again via the Hague Convention, an expensive, burdensome and protracted process. It has been held that Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with question of alternative methods of service of process in foreign countries." *In re International Telemedia Assoc., Inc.*, 245 B.R. 713 (N.D.Ga. 2000). *See also Phillip Morris USA Inc. v. Veles Ltd.*, No. 06-2988, 2007 U.S. Dist. LEXIS 19780, *8 (S.D.N.Y. March 13, 2007). Rule 4(f)(3) "is an independent basis for service of process and is neither 'extraordinary relief' nor a 'last resort' to be used only when parties are unable to effectuate service under subsections (f)(1) of (f)(2)." *Ryan v. Brunswick Corp.*, 02-133, 2002 U.S. Dist. LEXIS 13837 (W.D.N.Y. May 31, 2002). *See also Export-Import Bank of the United States v. Asia Pulp & Paper Co. Ltd.*, No 03-8554, 2005 U.S. Dist. LEXIS 8902 (May 11, 2005). The Rule "is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

---

[1] Usually, federal district courts in Rule B attachment actions do not adjudicate the merits of the parties' dispute, as they are brought merely in aid of foreign arbitration or litigation. This Court, however, is the proper forum for the adjudication of Plaintiff's maritime claims, which involve breach of a marine contract of insurance.

NYDOCS1/304216.1

FREEHILL, HOGAN & MAHAR LLP

Hon. P. Kevin Castel
May 7, 2008
Page 3

As the Ninth Circuit has held:

> [S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of a foreign country.

*Rio Properties*, 284 F.3d at 1014 (9th Cir. 2002). The only requirement that the courts have set forth in interpeting Rule 4(f)(3) is that the method of service authorized by the court be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiff respectfully submits that the circumstances in this case compel the Court to grant the requested leave:

- Defendant's property has been attached since August 20, 2007.
- Defendant received notice of attachment in August 20, 2007.
- Defendant has received numerous notices of pre-trial conferences.
- Defendant to this very date has not moved to vacate the attachments or has otherwise appeared in this action.
- Service via Federal Express and/or electronic mail is reasonably calculated to apprise Defendants of the pendency of the action, especially since Defendants have already received Notices of Attachment.
- Plaintiff has already undergone the expense and time-consuming effort of attempting service under the Hague Convention.

In light of the foregoing, we respectfully request that the Court grant the within application and permit Plaintiff to effect service via Federal Express and/or electronic mail. *See e.g. Rio Properties*, 284 F.3d 1007 (permitting service by e-mail under Rule 4(f)(3)); *Ryan*, 2002 U.S. 13837 (permitting service by regular mail, fax and/or e-mail).

We thank the Court for its attention to this matter.

Respectfully yours,
FREEHILL HOGAN & MAHAR LLP

*Manuel A. Molina*

Manuel A. Molina

NYDOCS1/304216.1

FREEHILL, HOGAN & MAHAR LLP